# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| TONYA PALMER, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO.   3:18-cv-01907 |
| BLUESTEM BRANDS INC. d/b/a FINGERHUT, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes TONYA PALMER ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of BLUESTEM BRANDS INC. d/b/a FINGERHUT ("Defendant") as follows:

### NATURE OF THE ACTION

1.   Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.* and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.   This action arises under and is brought pursuant to the TCPA.  Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.  Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Texas and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Texas.

### PARTIES

4.   Plaintiff is a consumer over 18 years-of-age residing in Seagoville, Texas, which lies within the Northern District of Texas.

5.   Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6.   Defendant is a catalog and online retailer offering household goods to customers on a nationwide basis. Defendant is a corporation organized under the laws of the state of Delaware with its principal place of business located at 7075 Flying Cloud Drive, Eden Prairie, Minnesota, and it regularly conducts business with consumers located in the state of Texas.

7.   Defendant is a "person" as defined by 47 U.S.C. §153(39).

8.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

9.   In early 2018, Plaintiff began receiving phone calls from Defendant to her cellular phone, (214) XXX-7328.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -7328.  Plaintiff is and always has been financially responsible for the cellular phone and its services.

11. Defendant uses a variety of phone numbers when contacting Plaintiff's cellular phone, including but not limited to: (866) 836-8987 and (866) 625-7281.

12.   Upon information and belief, the above-referenced phone numbers are regularly utilized by Defendant during its debt collection activity.

13.   Upon answering calls from Defendant, Plaintiff experiences pre-recorded message followed by a noticeable pause, lasting several seconds in length, before she is connected with a live representative.

14.   Upon speaking with one of Defendant's representatives, Plaintiff is notified that Defendant is seeking to collect upon past due payments ("subject debt") said to be owed by Plaintiff stemming from household goods which Plaintiff financed from Defendant.

15.   Plaintiff has repeatedly told Defendant that its calls were not welcomed, as she was unable to make payment.

16.   Despite clear notice from Plaintiff that its calls were unwanted, Defendant has continued to call Plaintiff's cellular phone with attempts to collect upon the subject debt up until the filing of the instant action.

17.   Defendant has also placed multiple calls to Plaintiff's cellular phone during the same day, even after Plaintiff notified Defendant to cease its contacts.

18.   Defendant has called Plaintiff not less than 75 times since she demanded it stop.

19.   Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

20.   Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

21. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular

phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

22.  Plaintiff repeats and realleges paragraphs 1 through 21 as though fully set forth herein.

23.  The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent.  The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

24.  Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone.  The pre-recorded message and noticeable pause, lasting several seconds in length, that Plaintiff experienced during answered calls from Defendant before being connected to a live representative is instructive that an ATDS was being utilized to generate the phone calls. Additionally, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

25.  Defendant violated the TCPA by placing at least 75 phone calls to Plaintiff's cellular phone using an ATDS without her consent.  Any consent Plaintiff *may* have given to the Defendant upon renting the consumers goods was specifically revoked by Plaintiff's demands that it cease contacting her.

26. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

27.  Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call.  Moreover, Defendant's willful and knowing violations of the TCPA

should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, TONYA PALMER, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

28. Plaintiff restates and realleges paragraphs 1 through 27 as though fully set forth herein.

29. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

30. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

31. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

#### a.   Violations of TDCA § 392.302

32. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

5

33. Defendant violated the TDCA when it continued to call Plaintiff's cellular phone at least 75 times after she notified it to stop calling.  The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment.  The nature and volume of phone calls would naturally cause an individual to feel oppressed, especially when such calls are placed after an individual has made it clear that the calls are inconvenient.

34. Upon being told to stop calling, Defendant had ample reasons to be aware that it should not continue its harassing campaign of collection calls to Plaintiff.  Yet, Defendant consciously chose to continue placing calls to Plaintiff's cellular phone.

### b.  Violations of TDCA § 392.304

35. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19), prohibits debt collectors from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

36. Defendant violated § 392.304(19) through its deceptive means in collecting upon Plaintiff. In spite of the fact that Plaintiff demanded that Defendant stop contacting her, Defendant continued to ceaselessly contact Plaintiff via automated calls.  Through its conduct, Defendant falsely represented to Plaintiff that it had the legal ability to contact her when it no longer had consent to do so.

WHEREFORE, Plaintiff, TONYA PALMER, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.  Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c.  Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d.  Awarding Plaintiff  punitive damages, in an amount to be determined at trial, for the underlying violations;

e.  Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f.  Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: July 24, 2018                    Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)       s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103           Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                      Counsel for Plaintiff
Admitted in the Northern District of Texas  Admitted in the Northern District of Texas
Sulaiman Law Group, Ltd.                   Sulaiman Law Group, Ltd.
2500 South Highland Ave, Suite 200         2500 South Highland Ave, Suite
Lombard, Illinois 60148                    Lombard, Illinois 60148
(630) 568-3056 (phone)                     (630) 581-5858 (phone)
(630) 575-8188 (fax)                       (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                   thatz@sulaimanlaw.com